# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANTEZ D. ALEXANDER, | CASE NO. 1:16 cv 1051 |
| PLAINTIFF, | JUDGE SARA LIOI |
| | MEMORANDUM OPINION |
| vs. | |
| STATE OF OHIO, *et al.*, | |
| DEFENDANTS. | |

*Pro se* plaintiff Dantez D. Alexander has filed this federal civil damages action, presumably pursuant to 42 U.S.C. §1983, against the State of Ohio, Cuyahoga County Assistant Prosecutor Andrew Gotti, plaintiff's defense attorney, Erin R. Flanagan, and the Cuyahoga County Court of Common Pleas. He alleges he did not want representation from the State of Ohio in connection with a criminal case against him and attempted to "disqualify" his court-appointed lawyer Flanagan, but she continued to represent him after he indicated his desire to terminate her. He alleges Flanagan negotiated a plea deal on his behalf with Assistant County Prosecutor, and he alleges: "It's clear I'm not taking a plea deal." (Doc. No. 1 ["Compl."] at 3.) Based on these allegations, plaintiff demands $9.4 million in damages, the "vehichles [sic] and properties of Erin Flanagan," and a "business 3 piece suit" from the Assistant Prosecutor. (*Id.* at 6.)

Although *pro se* pleadings are generally construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.

Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). A "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S. Ct. 1327, 39 L. Ed. 2d 577 (1974) (citing Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction)). Plaintiff's complaint must be dismissed pursuant to the Court's authority established in *Apple*.

The complaint as against Attorney Flanagan is devoid of merit because "[i]t is firmly established that a defense attorney, regardless of whether [she] is a public defender or private attorney, is not a state actor" who may be sued for damages under §1983. *Jordan v. Kentucky*, No. 3:09CV424, 2009 WL 2163113, at *4 (6th Cir. July 16, 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981)). His complaint against Assistant Prosecutor Gotti is likewise implausible and devoid of merit because it is well-established that a prosecutor "is immune from a civil suit for damages under § 1983" for conduct "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). The only conduct of Assistant Prosecutor Gotti of which the plaintiff complains is conduct clearly falling within the scope of Gotti's prosecutorial duties for which he is immune from suit.

Finally, the plaintiff's claims against the State of Ohio and the Cuyahoga County Court

of Common Pleas are subject to dismissal under *Apple*. "The State of Ohio is immune from suit in . . . federal court." *Arbino v. State of Ohio*, No. 1: 12-cv-203, 2012 WL 1756856, at *2 (S.D. Ohio April 2, 2012) (collecting cases). Additionally, "Ohio courts are not *sui juris*"; therefore, the Cuyahoga County Court of Common Pleas is not a legal entity capable of being sued under §1983. *See id.* (collecting cases).

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to the Court's authority established in *Apple*. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 20, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**